## BISHOP v. BISHOP.

Supreme Court.   New Castle.   November, 1795.

*Bayard's Notebook, 125.*

[PER] CURIAM.   This is an action of trespass for breaking the plaintiff's close.   The plaintiff has shown proceedings in the Orphans' Court under which the land in question was laid off to her as one third part of the real estate of her late husband.   The defendant has shown that those lands were entailed upon the plaintiff's husband, and it also appears in evidence that the defendant has a freehold in the hundred in which those lands lie.   It is contended that, as the plaintiff has given no name to her close in her declaration and the defendant has pleaded that he has a freehold in the hundred and the trespass was committed upon it, that as there is no new assignment the trespass is justified.   The Court reluctantly decide a cause upon a point of law of this kind,

but they consider themselves bound to say that in law the plea is supported because, where the close is not named in the declaration and upon *liberum tenementum* the defendant shows a freehold in the same hundred, if the trespass be not assigned in a different place the defense is complete in law, for the party has proved his plea.

It is also urged by the defendant that as the plaintiff's baron was only tenant in tail, the proceedings in the Orphans' Court are void and are not evidence of the fact of dower being actually assigned. Of this opinion are the Court. They consider the proceedings in the Orphans' Court as null and void, and no more in effect than if had before persons having no judicial power. The jurisdiction of the court is circumscribed, and when they transgress the limit of their authority their proceedings are *coram non judice* and void, and as the proceedings are void they can evidence nothing because everything they contain is void. They are the same as if had before persons of no authority.

*Bayard* for plaintiff. *Read* for defendant.